IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2005

## GREGORY EIDSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Sumner County**
**No. 604-2001    Jane Wheatcraft, Judge**

_____

**No. M2005-00150-CCA-R3-HC - Filed June 8, 2005**

_____

The Petitioner, Gregory Eidson, filed a petition for wit of habeas corpus seeking relief from allegedly void judgments, which the trial court summarily dismissed. On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition. Finding that there exists reversible error in the judgment of the habeas corpus court, we reverse its dismissal of the Petitioner's petition for habeas corpus relief, and we remand the case for the appointment of counsel and an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Gregory Eidson, pro se, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Joe James, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

The Petitioner pled guilty to fourth offense DUI (Count 2) committed on January 6, 2001, and to four counts of violating the Habitual Traffic Offender ("HTO") law, committed on: January 6, 2001 (Count 1); February 12, 2001 (Count 5); June 12, 2001 (Count 8); and July 15, 2001 (Count 9). The trial court sentenced the Petitioner to two years in prison for Count 1 and to eleven months and twenty-nine days for Count 2, and it ordered that those two sentences run concurrently. For the remaining three HTO convictions, Count 5, Count 8, and Count 9, the trial court ordered the Petitioner to serve two years in prison for each count, and it ordered that the sentences run concurrently with each other. It then ordered that the sentences in Count 1 and Count 2 run

consecutively to the sentence for Count 5, Count 8, and Count 9. Thus, the Petitioner's effective sentence was four years, to serve in the Tennessee Department of Corrections.

The Petitioner was originally declared a habitual traffic offender on July 14, 1997. He filed a habeas corpus petition challenging that judgment of conviction, which the habeas corpus court dismissed. On appeal, this Court affirmed that dismissal. Gregory Eidson v. State, No. M2004-02528-CCA-R3-HC, 2005 WL 292444, at *1 (Tenn. Crim. App., at Nashville, Feb. 1, 2005), *perm. app. denied* (Tenn. Mar. 28, 2005). The Petitioner filed a petition for habeas corpus relief from the five judgments of conviction in this case alleging: (1) that the trial court lacked jurisdiction to enter the judgment in this case because the statute of limitations had run on the DUI offense; (2) that the prior DUI offense from September 14, 1995, is void because it was entered by a probate court, which lacks jurisdiction in criminal cases; and (3) that the trial court lacked jurisdiction to order that three of the sentences for the HTO convictions run concurrently because they were committed while the Petitioner was released on three different bonds. The habeas corpus court dismissed the Petitioner's petition, finding that he is not being held illegally, and the judgments in this case were entered by a court of competent jurisdiction. Further, the court found that the Petitioner received legal sentences within the appropriate range, and his sentences had not expired. It is from this order that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition because, as he alleged in his petition: (1) that the trial court lacked jurisdiction to enter the judgment in this case because the statute of limitations had run on the DUI conviction; (2) that the prior DUI offense from September 14, 1995, is void because it was entered by a probate court, which lacks jurisdiction in criminal cases; and (3) that the trial court lacked jurisdiction to order that three of the sentences for the HTO convictions run concurrently because they were committed while the Petitioner was released on three different bonds. He also presents multiple other issues for our review, including that: (1) the habeas corpus court failed to provide him records so that he could file an accurate petition; (2) the habeas corpus judge is not a "judge" within the meaning of "any judge" as stated in the statute; and (3) the judge had a duty to appoint counsel and hold a hearing.

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2000). The grounds upon which habeas corpus relief will be granted are very narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Hickman, 153 S.W.3d at 20; Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond

the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Hickman, 153 S.W.3d at 20; Passarella, 891 S.W.2d at 627; Rodney Buford v. State, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), perm. app. denied (Tenn. Jan. 16, 2001). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

At the outset, we note that the Petitioner has substantially complied with the statutory requirements for habeas corpus relief. Under Tennessee Code Annotated section 29-21-105, a petition for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105. The procedural provisions of the habeas corpus statutes are mandatory and must be scrupulously followed. See Archer, 851 S.W.2d at 165. The mere fact that witnesses or files may be located in another county are insufficient reasons to permit deviation from the statutory requirements. See Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, 1999 WL 420495, at *2 (Tenn. Crim. App., at Knoxville, June 24, 1999), perm. app. denied (Tenn. Nov. 22, 1999). In this case, the Petitioner is incarcerated in Lake County, and, therefore, that is the county in which the petition should have been filed. However, the Petitioner previously filed a habeas corpus petition in Lake County and it was transferred to Sumner County. In the Petitioner's petition, he asserted that, because of this, and because his first petition for habeas corpus relief was pending in Sumner County, Sumner County was the only court that could grant him habeas corpus relief. We conclude that the Petitioner provided a sufficient reason in his petition for not filing the petition in the most convenient court. Therefore, we will address each of the Petitioner's issues.

The Petitioner first contends that the trial court lacked jurisdiction to convict him because the statute of limitations had run on the DUI offense. The judgment of conviction for this offense was entered on January 23, 2002, and the trial court sentenced the Petitioner to eleven months and twenty-nine days. The Petitioner filed his petition for habeas corpus relief on December 17, 2004, alleging that this judgment was void, which is after his sentence on this conviction had been served. The Tennessee Supreme Court has held that "a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioners freedom of action or movement." Hickman, 153 S.W.3d at 23. Further, "Use of the

challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction" after the sentence on the original conviction has expired. Id. In the case under submission, because the Petitioner completed serving the sentence for the DUI conviction prior to filing his petition for habeas corpus relief, the Petitioner is not restrained of liberty by that judgment. The Petitioner has, therefore, failed to state a legal cause of action for a writ of habeas corpus. See State v. Buster Chandler, No. E2003-02619-CCA-R3-HC, 2004 WL 2775487, at *1 (Tenn. Crim. App., at Knoxville, Dec. 3, 2004), *no perm. app. filed*. This issue is without merit.

The Petitioner next asserts that his conviction in 1995 for DUI is void because the judgment was entered by the Davidson County Probate Court, which lacked jurisdiction. This Court has previously held that probate court has jurisdiction over criminal cases. State v. Coolidge, 915 S.W.2d 820, 824 (Tenn. Crim. App. 1995), *overruled on other grounds* State v. Troutman, 979 S.W.2d 271 (Tenn. 1998). This issue is without merit.

The Petitioner next asserts that the trial court did not have jurisdiction to order that three of the sentences for the HTO convictions in Count 5, Count 8, and Count 9 run concurrently because they were committed while the Petitioner was released on three different bonds. The Petitioner contends that the trial court should have ordered that these sentences run consecutively to each other, for an effective sentence of six years, rather than two years. Tennessee Code Annotated section 40-20-111(b) (2003) provides:

> In any case in which a defendant commits a felony while such defendant was released on bail . . ., and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

A sentence imposed in direct contravention to a statutory mandate is void. See McLaney v. Bell, 59 S.W.3d 90, 94 (Tenn. 2001); State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). According to statutory sentencing requirements, where offenses are committed while a defendant is out on bail or parole, the sentences in each case must run consecutively to one another, not concurrently. Tenn. Code Ann. § 40-20-111(b); see Tenn. R. Crim. P. 32(c)(3)(C).[1]

---

[1]Tennessee Rule of Criminal Procedure 32(c)(3) provides:

Mandatory Consecutive Sentences. Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

> (A) To a sentence for a felony committed while on parole for a felony;
> (B) To a sentence for escape or for a felony committed while on escape;
> (C) To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and
> (D) Any other ground provided by law.

-4-

In McLaney v. Bell, our supreme court held that where the face of a judgment or the record of the underlying proceedings demonstrates that a petitioner received illegal concurrent sentencing, the judgment of conviction is void and habeas corpus relief is available. 59 S.W.3d at 91. The petitioner in McLaney alleged that his plea bargain agreement resulted in an illegal concurrent sentence, in violation of the statute that requires consecutive sentencing if a felony is committed when a defendant is on bail from a prior felony. Id. at 92. Our Supreme Court reversed the summary dismissal of the petition and remanded the case to the habeas court for the appointment of counsel and an evidentiary hearing. Id. at 95. The Court instructed that, should the habeas court determine that the petitioner was on bail when he committed the offenses and thus that the sentences he received were void, it should transfer the case to the convicting court, where the petitioner would be entitled to withdraw his guilty pleas and proceed to trial for the offenses. Id. at 95-96.

In light of McLaney, we conclude that we are constrained to remand this case to the habeas corpus court for the appointment of counsel and an evidentiary hearing to determine whether the Petitioner was on bail when he committed the offenses in Count 5, Count 8, and Count 9, and for a determination of whether the sentences for those convictions must run consecutively to each other, making the sentences he received void. If so, the habeas corpus court should allow the Petitioner to withdraw his guilty pleas for these counts or proceed to trial for the offenses.

We conclude that all of the Petitioner's other issues are waived and without merit.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we reverse the judgment of the habeas corpus court, and we remand the case for the appointment of counsel and for an evidentiary hearing.

_____
ROBERT W. WEDEMEYER, JUDGE